%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

　　　　Southern　　　　District of　　　　New York

NOBLE PACIFIC WORLDWIDE LTD.

Judge Hellerstein

V.

SUNRISE SHIPPING CO.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

08 CV 6300

TO: (Name and address of Defendant)

SUNRISE SHIPPING CO.
Rm. 2309-2310, Unit B, Dalian Mingshi Fortune Center
No. 20 Gangwan Road, Zhongshan District
Dalian, China 116001

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
Tel (212) 385-1422

an answer to the complaint which is served on you with this summons, within ___twenty (20)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON　　　　　　　　　　　　　　　　JUL 14 2008

CLERK　　　　　　　　　　　　　　　　　　　　　　　DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
NOBLE PACIFIC WORLDWIDE LTD.,

            Plaintiff,                  1:08-cv-_____

    -against-                             <u>VERIFIED</u>
                                               <u>COMPLAINT</u>
SUNRISE SHIPPING CO.,

            Defendant.
-----------------------------------------X

    PLEASE TAKE NOTICE that Plaintiff, NOBLE PACIFIC WORLDWIDE LTD. (Plaintiff or "NOBLE"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant, SUNRISE SHIPPING CO. (Defendant or "SUNRISE"), alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

    2.    Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

    3.    Defendant SUNRISE SHIPPING CO. is a business entity organized and existing pursuant to the laws of a foreign country, with a principal place of business located at Cardiff, United Kingdom.

    4.    Defendant SUNRISE SHIPPING CO. is a business entity organized and existing pursuant to the laws of a foreign country, with a principal place of business located at Rm. 2309-2310, Unit

B, Dalian Mingshi Fortune Center, No. 20 Gangwan Road, Zhongshan District, Dalian, China 116001.

5. Plaintiff, as charterer, and Defendant, as owner or disponent owner, entered into a time charter, dated January 17, 2008 for the use of the M/V ORIENTAL EXPRESS.

6. Under the terms of the charter agreement Plaintiff was required to provide the M/V ORIENTAL EXPRESS in a tight, staunch, strong condition, in every way fitted for service, seaworthy, and ready to receive and properly carry any permissible cargo.

7. Defendant breached the charter agreement by unlawfully and in contravention of the terms of the agreement causing and permitting damage, including, <u>inter alia</u>, fuel oil contamination and shortage, to a cargo of prilled urea during carriage from Qatar to Bangladesh while the vessel was under charter to Plaintiff.

8. As a result of Defendant's breaches as aforesaid, damages allegedly sustained by cargo receivers in the amount of US$185,944.87, exclusive of interest, attorneys' fees, arbitration fees, and litigation and/or arbitration costs, have been deducted from the freight otherwise due and owing to Plaintiff.

9. As a result of the foregoing, Plaintiff has incurred a present out-of-pocket loss of US$185,944.87 and has also incurred and will continue to incur additional costs and expenses for which Defendant is liable under the terms of the charter agreement between the parties and at law.

10. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreement.

11. Despite Plaintiff's demand, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreement.

12. Pursuant to the charter party, disputes are to be settled by arbitration in London, and Plaintiff has commenced or will shortly commence arbitration with Defendant, accordingly.

13. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

14. As a result of Defendant's breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts by way of arbitral award:

| | |
|---|---|
| Principal Claim | $185,944.87 |
| Interest (for a period of 2 yrs at 7.5%) | 28,937.67 |
| Attorneys' and Expert's Fees, Arbitration Expenses | 200,000.00 |
| **Total** | **$414,882.54** |

15. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

16. All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

17. Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the

pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank and/or UBS, which are believed to be due and owing to Plaintiff.

18. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against

Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

  B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 <u>et seq.</u>, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$414,882.54** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

  C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

- 6 -

D. That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, NY
July 11, 2008

                        Respectfully submitted,

                        MAHONEY & KEANE, LLP
                        Attorneys for Plaintiff
                        NOBLE PACIFIC WORLDWIDE LTD.

By: _____
                        Jorge A. Rodriguez (JR 2162)
                        11 Hanover Square, Tenth Floor
                        New York, New York 10005
                        Tel. (212) 385-1422
                        Fax. (212) 385-1605
                        File No. 12/3592/B/08/6

<u>ATTORNEY VERIFICATION</u>

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

1. My name is JORGE A. RODRIGUEZ.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, NOBLE PACIFIC WORLDWIDE LTD., and I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:   New York, New York

         July 11, 2008

                                          _____
                                          JORGE A. RODRIGUEZ (JR 2162)